DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Craig L. Forest, | ) | |
| | ) | CASE NO. 4:05CV2003 |
| Petitioner-Defendant | ) | CASE NO. 4:01CR0321 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

## I. INTRODUCTION

Before the Court is Petitioner-Defendant's pro se petition for post-conviction relief pursuant to 28 U.S.C. Section 2255. For the following reasons, the petition is denied.

## II. FACTUAL AND PROCEDURAL  BACKGROUND

The factual background for this case as it relates to issues in the present petition was well-stated in the Sixth Circuit's published opinion in U.S. v. Forest, 355 F.3d 942 (6th Cir. 2004), *cert. denied* 543 U.S. 856 (2004).

> "...[Petitioner] and Garner were part of a large drug trafficking operation in the area of Youngstown/Warren, Ohio. In March of 2001, agent of the Drug Enforcement Administration (DEA) obtained court authorization to begin intercepting the defendants' cellular phone conversations. These interceptions culminated with the DEA agents arresting the defendants on June 1, 2001 at a gas station, along with two women couriers who had transported cocaine from California to Ohio. The two women pled guilty to conspiring to distribute cocaine. Forest and Garner went to trial. On November 2, 2001, Forest and Garner were found guilty on the various counts of the conspiracy, drug possession, and firearms possession."

Forest, 355 F. 3d at 947.

(4:05CV2003)

Following the guilty verdicts, the Court sentenced petitioner to 188 months in prison followed by 8 years of supervised release and a special assessment of $400 dollars.

Petitioner filed a timely appeal of the conviction. On appeal he argued, along with co-defendant Garner, that the DEA improperly used Garner's cell phone as a tracking device and thus violated his rights under both Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") and the Fourth Amendment. The undisputed facts show that the DEA phoned Garner's phone and the cell phone's response indicated which cellular tower was nearest to his location. The Sixth Circuit concluded that Petitioner lacked standing to raise the issue of an alleged violation of his rights because the phone at issue was owned by co-defendant Garner. The Court of Appeals went on to consider the Title III and Fourth Amendment issues raised by co-defendant Garner and affirmed the Court's decision to deny the motion to suppress. 355 F.3d at 948-952.

Petitioner again makes Title III and Fourth Amendment arguments in this Section 2255 action. He also claims for the first time that the Government was required and failed to obtain an order to intercept electronic communications and for that reason any evidence related to the cell phones should be suppressed. Further, Petitioner alleges for the first time that the wiretap interceptions were not properly sealed pursuant to 18 U.S.C. 2518(8)(a). He now also alleges that he was denied the effective assistance of trial and appellate counsel for their failure  to properly raise these issues before the trial and appellate courts. The Government has filed a response opposing the Section 2255 petition (Doc. No. 6) and Petitioner has filed a rebuttal brief in support of the petition (Doc. No. 8).

2

(4:05CV2003)

### III. STANDARD OF REVIEW

An action based on the provisions of 28 U.S.C. 2255 is not a substitute for direct appeal.

United States v. Frady, 456 U.S. 152 (1982);   United States v. Duhart, 511 F.2d 7, 8 (6th Cir.

1975). Instead, as the statute provides, a collateral attack on a conviction must be based on the

claim that the sentence was imposed in violation of the Constitution or laws of the United States.

The nature of that violation must result in a "fundamental defect which inherently results in a

complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of

fair procedure." Hill v. United States, 368 U.S. 424,428 (1962).  As Petitioner himself states:

"[28 U.S.C. Section 2255] is reserved only for transgressions of Constitutional rights, and for a

narrow range of fundamental defects, which if condoned, would result in a miscarriage of

Justice."(Doc. No. 8, Reply brief at 2).

### IV. DISCUSSION

A. Petitioner's Title III and Fourth Amendment Claims Based on the alleged failure to obtain an
Electronic Communications Interception Order

The government objects to Petitioner's claims pursuant to Title III and the Fourth

Amendment as repeating issues already decided on appeal. To the extent Petitioner raises issues

already considered and ruled upon, those issues may not be the subject of this present petition.

However, as Petitioner seeks to clarify in his reply brief,  his present argument is not based on

alleged misuse of cell site data, which is how he characterizes the issue on appeal. Instead,

Petitioner challenges "the interception of electronic communication"when in fact the government

had sought only an interception order for wireless communication. See Doc. No. 8, at p. 4-5.

Petitioner argues that to obtain cell phone date in the nature of that used in this case, a separate

3

(4:05CV2003)

Interception Order for electronic communications was required.

As the Court previously held and the Sixth Circuit concurred, the Interception Order for Defendant Garner's cell phone, the one at issue in the petition was proper under the statute as an interception of a wire communication.  Both the Court and the Sixth Circuit assumed without deciding that the cell site data may have constituted an electronic communication.  Petitioner cites no cases that support his contention that a separate order seeking electronic communications was required.

Furthermore, this issue related to the allegedly unlawful interception of electronic communication has already been addressed directly by the Court. In denying Petitioner's original motion to suppress, the Court stated:

> Although Defendants argue that the government used their cellular phones as mobile tracking devices, Defendants are really challenging the government's ability to intercept electronic communications. Based on these "unlawful" interceptions of electronic communications, Defendants move to have all the evidence suppressed. However, as previously discussed, Congress has not provided a remedy of suppression for the unlawful interception of electronic communications; rather, this remedy is limited to unlawfully intercepted wire and oral communications. Accordingly, Defendants' motions for suppression must be denied.

October 1, 2003 Memorandum Opinion and Order, at 11.

The Sixth Circuit reached the same conclusion, that suppression is not a remedy for an alleged unlawful interception of an electronic communication. Forest, 355 F.3d at 949. In reaching that conclusion, the panel also stated its view that "a strong argument  exists, however, that cell site data is not a form of communication at all." (355 F.3d at 949, emphasis in original).

4

(4:05CV2003)

In that case, there would not even be an argument for suppression under Title III. The Court

expressed much the same view in its <u>October 1, 2003 Memorandum Opinion and Order</u>, at 11.

Finally, the Court of Appeals also found that Petitioner lacked standing to even raise

arguments related to the use of the cell phone at issue because it was owned by co-defendant

Garner. As a result, Petitioner was held not to be an "aggrieved person" within the meaning of

Title III.  Petitioner could also not assert Fourth Amendment rights belonging to his co-

defendant. Petitioner continues to lack standing to raise these issues in this present petition. For

all of the reasons stated, the Court finds Petitioner's claims pursuant to Title III and the Fourth

Amendment to be without merit.

<u>B. Petitioner's Failure to Properly Seal Claim</u>

Petitioner also claims that the government failed to seal the intercepted conversations

pursuant to 18 U.S.C. 2518(8)(a) which requires that records be "immediately" sealed as soon as

practicable after the expiration of the order. The Court agrees with the government that a

procedural bar prevents Petitioner from raising this issue for the first time in a Section 2255

petition. However, the Court has also considered Petitioner's claims on the merits and finds them

to be unsupported and in fact contrary to the evidence.

The government's response to the failure to properly seal claim has three attachments,

Exhibits A, B, and C. These attachments demonstrate the immediate sealing of the records at

issue pursuant to the direction of the authorizing judge. See Doc. No. 6-2, Exhibits A-C. Based

on the evidence submitted, the authorizing judge complied with the terms of the statute in terms

of sealing the record. Petitioner's claim that one of the tapes, which is still unidentified, was

5

(4:05CV2003)

altered, is unsubstantiated. The Court finds that Petitioner has failed to make or support a

substantive claim that there was error in the manner in which the records were sealed.

C. Petitioner's Ineffective Assistance of Trial/Appellate Counsel Claim

Under the teachings of Strickland v. Washington, 466 U.S. 668,687 (1984), the petitioner

must show that he was denied effective assistance of counsel and that the denial negatively

affected the outcome of the case. As the Supreme Court stated in Strickland:

> A convicted defendant's claim that counsel's assistance was so defective as to
> require reversal of a conviction or death sentence has two components. First, the
> defendant must show that counsel's performance was deficient. This requires
> showing that counsel made errors so serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as to deprive the defendant
> of a fair trial, a trial whose result is reliable. Unless a defendant makes both
> showings, it cannot be said that the conviction or death sentence resulted from a
> breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. at 687.

Petitioner argues that his trial counsel was ineffective because they failed to raise and

successfully pursue the same arguments that Petitioner now makes. The Court has already

considered those arguments and finds that counsel would not have prevailed on these arguments

if made. Accordingly, the Court finds that there were no prejudicial errors alleged or shown

sufficient to cause the defendant to be deprived of a fair trial. In his reply brief, Petitioner also

claims  the ineffectiveness of appellate counsel, stating that he asked for an ineffective assistance

of trial counsel claim to be made as part of his appeal to the Sixth Circuit and that he was

allegedly told that he would be required to make that as part of any relief he would seek by way

of this petition. (Doc. No. 8, Reply at 12). However, no basis for ineffective assistance of trial

6

(4:05CV2003)

counsel has been demonstrated. For this petition, the movant must do more than merely allege

such violations.  The failure to demonstrate that counsel erred in a manner that renders the

decision of the Court unreliable leads the Court to find that the claims of ineffective assistance of

counsel are without merit.

Finally, the Court finds that "the records of this case conclusively demonstrate that the

prisoner is entitled to no relief," and therefore, the Court denies the motion filed by the petitioner

without conducting a hearing pursuant to the procedures established in 28 U.S.C. Section 2255.

### V. CONCLUSION

For the foregoing reasons, Defendant/Petitioner's petition for relief pursuant to 28 U.S.C.

Section 2255 is denied.

The Court further finds no basis for a certificate of appealability and will not issue a

certificate of appealability.


IT  IS SO ORDERED.


Date:  February 21, 2006                    _/s/ David D. Dowd, Jr._____
                                            David D. Dowd, Jr.
                                            U.S. District Judge

7